# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-11023

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2025

Lyle W. Cayce
Clerk

Steve Biggers,

*Plaintiff—Appellant*,

*versus*

Ron Massingill,

*Defendant—Appellee*.

———————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-359

———————————————————————————

Before Ho, Duncan, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Steve Biggers sued Ron Massingill, the presiding officer of the Hood County Commissioners' Court ("HCCC"), for unconstitutionally silencing Biggers's speech at a public meeting. The district court dismissed the suit based on qualified immunity. We reverse and remand.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-11023

## I.

Biggers alleges that, in 2022, he began attending the HCCC's public meetings, where members of the public are permitted to speak at certain times. Regarding meeting "decorum," the HCCC's rules provide as follows:

> It is not the intention of the Hood County Commissioners' Court to provide a public forum for the demeaning of any individual or group. Neither is it the intention of the Court to allow a member (or members) of the public to insult the honesty and/or integrity of the Court, as a body, or any member or members of the Court, individually or collectively. Accordingly, profane, insulting, or threatening language directed toward the Court and/or any person in the Court's presence and/or racial, ethnic, or gender slurs or epithets will not be tolerated. **These Rules do not prohibit public criticism of the Commissioners' Court, including criticism of any act, omission, policy, procedure, program, or service.**

In April 2022, when Biggers was speaking during the open-comment period at a public meeting, Biggers mentioned Commissioner Ron Cotton by name. The presiding officer, Ron Massingill, accused Biggers of "attacking Cotton" and had Biggers removed. A different speaker who also criticized a commissioner at the same meeting, however, was not removed.

At a December 2022 meeting, Biggers sought to confront Massingill with a recorded conversation allegedly disparaging Biggers that was captured on a hot mic at the previous month's meeting. In the recording, Massingill demeaned Biggers and his church and bragged about ejecting him from a meeting. As Biggers took the podium to play the recording, Massingill silenced Biggers and threatened to have him removed again.

2

No. 23-11023

Finally, at a January 2023 meeting, Biggers again tried to confront Massingill with the recording. Massingill ordered a sheriff's deputy to remove Biggers before he could finish his remarks.

The ostensible reason for Biggers's treatment was enforcement of the HCCC's decorum rule. According to Biggers, though, this was pretext. The real reason he was prevented from speaking was Massingill's disagreement with his criticisms of the HCCC Commissioners.

Biggers sued Massingill for violating his First Amendment right to be free from viewpoint discrimination in a limited public forum. But the district court granted Massingill's motion to dismiss based on qualified immunity. The court reasoned it was unclear whether Biggers's treatment violated the First Amendment because we have upheld other meeting rules as neutral and non-discriminatory.[1] Accordingly, the court ruled that "a reasonable presiding officer would not recognize that removing a speaker for an alleged decorum violation clearly runs afoul of the First or Fourteenth Amendments."

Biggers timely appealed. We review the dismissal *de novo*, "accept[ing] all well-pleaded facts as true and constru[ing] the complaint in the light most favorable to [Biggers]." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted).

## II.

To overcome Massingill's qualified immunity at the pleading stage, Biggers had to plausibly allege that (1) Massingill violated his First Amendment right against viewpoint discrimination, and (2) that right was

---

[1] *See Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 760 (5th Cir. 2010) (holding that the plaintiff's facial challenge failed to show that a school board's exclusion of certain discussion topics from its public meetings constituted viewpoint discrimination).

clearly established at the time of the violation. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Guerra v. Castillo*, 82 F.4th 278, 285 (5th Cir. 2023); *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020). Biggers argues the district court erred in ruling he failed to meet that burden. We agree.

The district court did not address the first qualified immunity prong, but Biggers's allegations plainly satisfy it. The First Amendment secures Biggers's right to be free from viewpoint discrimination in a limited public forum, which we have assumed is the type of forum at issue here. *See, e.g.*, *Heaney v. Roberts*, 846 F.3d 795, 801 (5th Cir. 2017). Biggers alleged he was silenced by Massingill—not because he was disrupting those meetings—but because Massingill disagreed with Biggers's views about the HCCC. That is a textbook violation of the First Amendment.[2] *See, e.g.*, *Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819, 828 (1995) ("It is axiomatic that the government may not regulate speech based on its substantive content or the message it conveys."); *Christian Legal Soc'y Chapter of the Univ. of Cal. v. Martinez*, 561 U.S. 661, 679 (2010) ("[R]estrictions on access to a limited public forum . . . must be . . . viewpoint neutral . . . ." (collecting cases)).[3]

Relying on the second qualified immunity prong, the district court ruled that silencing a speaker "for an alleged decorum violation" does not

---

[2] For his part, Massingill contends Biggers's behavior was "far outside the boundaries of civilized discourse and was patently disruptive." But that claim, which is contradicted by Biggers's allegations, is obviously a "fact-reliant question unsuited for resolution at the motion to dismiss stage." *United States ex rel. Vavra v. Kellogg Brown & Root, Inc.*, 727 F.3d 343, 349 (5th Cir. 2013).

[3] We need not address at this stage whether the HCCC's decorum rule, which arguably facially discriminates based on viewpoint, is itself unconstitutional. *See, e.g.*, *Matal v. Tam*, 582 U.S. 218, 244 (2017) (op. of Alito, J.) ("We have said time and again that 'the public expression of ideas may not be prohibited merely because the ideas are themselves offensive to some of their hearers.'" (quoting *Street v. New York*, 394 U.S. 576, 592 (1969))).

"clearly" violate the First Amendment. The court framed the inquiry too broadly, though. The question is whether Biggers's rights were violated "in light of the specific context of the case, not as a broad general proposition." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (per curiam) (quotation omitted). Unlike instances where this court has upheld qualified immunity, Biggers squarely alleged that Massingill's invocation of the decorum rule was a mere pretext to silence his views. If proved, that would clearly violate the First Amendment. *See Rosenberger*, 515 U.S. at 829 ("When the government targets . . . particular views taken by speakers on a subject, the violation of the First Amendment is all the more blatant."); *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 106 (2001) ("When the State establishes a limited public forum . . . . [a speech] restriction must not discriminate against speech on the basis of viewpoint . . . .").

Accordingly, the district court's judgment is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.